JOHN CALDWELL and another *v.* WILLIAM J. MAYES.

Plaintiffs having obtained a judgment against defendant in another State, instituted a suit on the judgment here, attaching certain property, and, pending the attachment, transferred their judgment to one of their creditors, to be applied towards the satisfaction of his claim. A third person having intervened in the attachment suit, and proved the property to be his, claiming damages for the illegal attachment, against the plaintiffs and their transferree : *Held,* that the damage sustained by the intervenor resulted from the original levy of the attachment ; that the plaintiffs having, even after the transfer, a greater interest in the action than their transferree, the latter could not have dismissed the attachment ; and that, consequently, judgment for damages could be rendered only against the plaintiffs.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*C. M. Jones,* for the plaintiffs and the appellant.

*Rozier, I. W. Smith* and *Peyton,* for the intervenor.

MORPHY, J.  R. G. Hazard, a manufacturer of negro clothing in Rhode Island, shipped to Caldwell & Hickey, the factors of the defendant, a planter in Mississippi, several bales of negro clothing, which, under an agreement entered into between him and the defendant, were to be forwarded to the latter only on the acceptance by Caldwell & Hickey of Hazard's draft on them for the amount, to wit, $600. Caldwell & Hickey having failed to accept the draft, and Mayes being unable to comply with his contract with Hazard, by giving a satisfactory acceptance in New Orleans, he instructed his factors to return the goods, or keep them subject to the order of Hazard. With this full knowledge of the latter's ownership of the goods the plaintiffs levied an attachment on them to satisfy a judgment they had against Mayes. Shortly after the institution of the suit, they transferred to John

Hagan the judgment sued on, stating in the instrument, that any amount received by him on account of the assignment was to be credited on a judgment he had against them. After the assignment, Caldwell & Hickey appear to have continued to prosecute the suit in their names, but for the benefit of J. Hagan. Hazard intervened, claimed the goods, and prayed for damages both against the plaintiffs and J. Hagan. There was a judgment below, in favor of the intervenor, for the property attached, and for $150 damages against the plaintiffs and Hagan, *in solido.* Hagan has appealed.

Admitting that damages were properly awarded in this suit against Caldwell & Hickey, for the loss and injury sustained by the intervenor from the deterioration of the goods during the pendency of the attachment, it appears to us that the appellant has reason to complain of the judgment below. It is not shown that he participated in the bad faith of the plaintiffs, or knew anything of the circumstances of the case. Being himself a judgment creditor of Caldwell & Hickey, he simply received of them an assignment of the claim, the object of which appears to have been, to secure to him whatever might be recovered in the suit. It is said that as soon as he acquired a knowledge of the intervenor's right to the property, he should have released it from the attachment. Although the suit purported to be prosecuted for Hagan's benefit, as he was to receive whatever was recovered, it is by no means obvious, that he had the power to dismiss the attachment. The plaintiffs, his assignors, had as great, and even a greater interest in the suit than he had. If nothing was recovered, his claim against them remained undiminished by the assignment. He could not then, perhaps, without their consent, release the property from their attachment ; but be that as it may, the appellant's knowledge of Hazard's right was acquired only on the return of the commissions issued in the case, long after the attachment had been laid, and after all the injury sustained by the intervenor had occurred.

It is therefore ordered, that the judgment of the Commercial Court be reversed, and that ours be in favor of John Hagan, with costs in both courts.